IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY HIRSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV13 |
| | ) | |
| v. | ) | |
| | ) | |
| FERNANDO LECUONA and JOHN ALBIN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Filing No. 11. Plaintiff filed a complaint alleging violations of 42 U.S.C. § 1983, on the basis that the defendants violated his First Amendment rights by disciplining and firing him. Filing No. 1. Defendants contend that the claims for damages against them in their individual and official capacities must be dismissed.

**Standard of Review**

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face

or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003). In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

**Facts**

At all relevant times herein, plaintiff worked for the State of Nebraska at the Department of Labor (DOL), Workforce Development. Defendant Lecuona at all material times served as the Commissioner of the DOL. Defendant Albin at all relevant times served as the Executive Director and Legal Counsel for the DOL. Plaintiff began his tenure with the DOL in 1972 where he was hired as a Veteran's representative. At the time of the incidents in question in this lawsuit, he served as the Executive Director of Safety and Labor Standards.

On March 14, 2005, members of plaintiff's staff appeared before the Nebraska legislature to give their personal views on certain proposed legislation. This testimony appears to be adverse to a position taken by the DOL.[1] These staff members evidently took vacation time to give their testimony. Albin sent an email to plaintiff indicating that such testimony violated the policies of the DOL.[2] Plaintiff asked for the identity of the specific policies that had been violated. Lecuona notified plaintiff that he did not approve

---

[1] The court has no evidence before it as to the content of the testimony or the position taken by DOL.

[2] Based on the information before the court at this time, it does not appear that the plaintiff received copies of the policies allegedly violated, and to date no such policies have been presented to the court.

of the staff members testifying before the legislature. Plaintiff then told Lecuona that Lecuona could not prohibit his staff from doing so and that he did not believe department policy had been violated. Plaintiff further indicated that he thought such a prohibition was illegal. Thereafter, plaintiff received a "Notice of Allegations" telling him that he must support the Agency goals and failure to notify the office of his opposition is contrary to good working conditions and is adverse to the interests of the Agency. Filing No. 1, ¶ 12. Defendants disciplined the plaintiff and terminated him on July 12, 2005.

**Discussion**

*A. Sovereign Immunity - Official Capacity*

Plaintiff requests both damages and injunctive relief against the defendants in their official capacities. The Eleventh Amendment bars claims against state officials in their official capacities. *See Randolph v. Rogers*, 170 F.3d 850, 859 (8th Cir.1999) (Eleventh Amendment bars federal court from ordering state officials to conform conduct to state law); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir.1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state official in official capacity even if state entity is moving force behind deprivation of federal rights); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997) (without a clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims). Plaintiff now concedes that the Eleventh Amendment bars an action for damages against the defendants. Accordingly, the court will grant the motion for summary judgment with regard to official immunity and the requested damages.

Plaintiff also asks for reinstatement. Plaintiff contends that this is injunctive in nature and can be ordered by the court. The *Ex Parte Young* doctrine provides an

exception to the above prohibition, however, where the relief sought is prospective and not compensatory. *Ex Parte Young*, 209 U.S. 123 (1908); *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 531 (8th Cir. 2005); *Treleven v. Univ. of Minnesota,* 73 F.3d 816, 819 (8th Cir. 1996)*; Murphy*, 127 F.3d at 754. A federal court may, therefore, issue an injunction to prevent state officials from violating the Constitution without running afoul of the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The court, for purposes of this motion, agrees. Accordingly, defendants' motion to dismiss plaintiff's claim for damages against defendants in their official capacities will be granted; the motion to dismiss will be denied with respect to claims for declaratory and injunctive relief.

### B. Qualified Immunity - Individual Capacities

Pursuant to 42 U.S.C. § 1983, the law imposes civil liability on any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." An essential element in any § 1983 claim is that the conduct complained of must have been committed by a person acting under color of state law. *See DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999), *cert. denied*, 535 U.S. 1064 (2002); *see also Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003) ("essential elements of a 1983 claim are: (1) violation of a constitutional right, (2) committed by a state actor*,* (3) who acted with the requisite culpability and causation to violate the constitutional right"). Thus, § 1983 authorizes suits against state officers for damages arising from official acts. *Hafer v. Melo,* 502 U.S. 21,

4

24-28 (1991). Morever, state officers may be held personally liable for damages under § 1983 based on actions taken in their official capacities. *Id.* at 30.

Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question. *Anderson v. Creighton*, 483 U.S. 635, 638-41 (1987). The Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability for damages on state officials under § 1983. *Hafer,* 502 U.S. at 30-31. Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense to be granted in a motion to dismiss only when the immunity can be established on the face of the complaint. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

The qualified immunity analysis is a two-step process. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). "The threshold question is whether the plaintiff has alleged the violation of a constitutional right." *Id.* If so, the court determines whether that right was "clearly established" at the time of the alleged violation. *Id.* This is a flexible standard and is to be applied to a particular defendant's conduct based on the applicable legal principles*. Id.* "Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation*." Id.* Courts take a broad view of what constitutes "clearly established" under the qualified

immunity analysis and the test will favor a plaintiff when the test is based solely on the allegations in the complaint. *Id.* The court, therefore, must analyze whether there is a violation of a clearly established constitutionally protected right in this case.

### *C. First Amendment Retaliation for Public Employees*

The First Amendment applies only to governmental restrictions on speech. The First Amendment's Free Speech Clause states that "Congress shall make no law . . . abridging the freedom of speech. . . ." U.S. Const. amend. I. "The First Amendment right to free speech is among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by" the states. *Lovell v. Griffin*, 303 U.S. 444, 450 (1938). The First Amendment is also applicable to the political subdivisions of the states. *Id.*

"It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *Rankin v. McPherson*, 483 U.S. 378, 383 (1987). A court asked to decide in a § 1983 action if an employee's free speech rights are "clearly established" at the time of the employee's discharge must first determine if the First Amendment protected the speech. *Kincade v. Blue Springs*, 64 F.3d 389, 398 (8th Cir. 1995). Speech is protected if it "can be fairly characterized as constituting 'speech on a matter of public concern.'" *Id.* at 399 (*quoting Connick v. Myers*, 461 U.S. 138, 147-48 (1983)). Whether speech is a public concern depends on the content, form, and context of the statement, as revealed by the record. *Connick v. Myers*, 461 U.S. at 147-48.

At this juncture of the case the court finds that plaintiff's comments might be a matter of public concern. Plaintiff made comments to Mr. Lecuona on March 15, 2005, and

6

again on March 31, 2005. Plaintiff stated that interference with the employees' right to testify before the legislature was improper and illegal. The Eighth Circuit has stated that "[S]traightforward criticism of government officials and policy, . . . falls squarely within the meaning of 'speech on a matter of public concern.'" *Casey v. City of Cabool*, 12 F.3d 799, 802 (8th Cir. 1993). Further, the fact that the speech was made privately by the plaintiff does not take the speech out of the First Amendment context. *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 415-16 (1979); *Campbell v. Ark. Dept. of Corr.*, 155 F.3d 950, 959 (8th Cir. 1998) ("Complaints to superiors or private communications with an employer about matters of public concern are also protected under the first amendment"); *Casey*, 12 F.3d 799 (city fire and police dispatcher wrongfully discharged for making private statements that criticized city officials and policies). The record to date does not indicate the content of the testimony given by the three employees, nor does the record reflect whether any policies in fact exist that plaintiff might have violated. Accordingly, for purposes of this motion to dismiss, the court will find that the comments made by the plaintiff are matters of public concern.

If the speech is on a matter of public concern, the court then balances the employee's right to free speech against the public employer's interests. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968). This second step of the analysis is more difficult. If, as the plaintiff alleges, he was terminated for engaging in protected speech, the plaintiff's interests "as a citizen, commenting on matters of public concern," must be balanced against the defendants' interests, as a public employer, "in promoting the efficiency of the public services it performs through its employees." *Pickering*, 391 U.S. at 568. The *Pickering* balancing test, however, appears weighted in favor of the public employer who

maintains that the employee's free speech right was not "clearly established" for purposes of § 1983. The Eighth Circuit has held that when *Pickering's* fact-intensive balancing test is at issue, the asserted First Amendment right can hardly be considered "'clearly established' for purposes of the *Harlow* qualified immunity standard." *Grantham v. Trickey*, 21 F.3d 289, 293 (8th Cir. 1994) (*quoting Buzek v. County of Saunders*, 972 F.2d 992, 997 (8th Cir. 1992)).

The post-*Pickering* qualified immunity defense is broad, "provid[ing] ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Under this evolved qualified immunity standard, "the employer's justification for the discipline must be taken into account in determining whether the defendants' conduct was objectively unreasonable, that is, whether 'no reasonably competent officer would have concluded' that the discipline could be imposed without violating the employee's First Amendment rights." *Bartlett v. Fisher*, 972 F.2d 911, 916-17 (8th Cir. 1992) (*quoting Malley*, 475 U.S. at 341). The critical inquiry in determining if the free speech right is clearly established is whether the defendants have put the *Pickering* balancing test at issue by producing evidence that the speech activity had an adverse effect on the efficiency of the public employer's operation. *Grantham*, 21 F.3d at 294. According to the Eighth Circuit, a public employee's exercise of free speech affects the efficiency of the public employer's service when it affects the morale of the work force and damages the program's reputation. *Bartlett*, 972 F.2d at 917. In accordance with *Grantham* and *Bartlett*, evidence must be offered to support the argument that the statements had a negative affect on the work place. At this early juncture in the case, no

evidence exists upon which the court can apply the *Pickering* balancing test. Accordingly, the court concludes that the motion to dismiss will be denied at this time.

THEREFORE, IT IS ORDERED that the motion to dismiss, Filing No. 11, is granted with respect to absolute immunity regarding damages and the motion to dismiss is denied in all other respects.

DATED this 6th day of October, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge