IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY HIRSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV13 |
| | ) | |
| v. | ) | |
| | ) | |
| FERNANDO LECUONA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court following a jury trial in this case wherein the jury found in favor of the plaintiff and awarded $391,000 in actual damages and $350,000 in punitive damages against defendant Fernando Lecuona. Filing No. 84. The court must now determine as a matter of law whether plaintiff is entitled to front pay. Front pay is an equitable remedy awarded instead of reinstatement and is a decision for the court and not a jury. *Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999). Plaintiff testified as to his attempts to obtain employment, none of which resulted in a job. Plaintiff offered evidence of his attempts to mitigate his damages, and the defendant failed to offer any evidence to the contrary. The court finds plaintiff is 61 years of age, attempted to obtain employment, and was unable to do so in part because of his discharge by the defendant and in part because he is still under medical care and is disabled. Dr. Jerome F. Sherman, Ph.D., an expert in economics and on economic loss, testified that an appropriate amount of front pay to age 67.5 is approximately $386,184 (potential loss of earning capacity $354,102, plus future fringe benefits $48,173, less 4%). Ex. No. 114. The court concludes this amount is reasonable and finds plaintiff is entitled to front pay in the amount of $386,184.

At the conclusion of the trial in this case, the court ordered the parties to submit briefs on the issue of punitive damages. A scheduling order is set forth below. In view of this briefing, the court will not enter judgment in this case until after it determines the issue of punitive damages.

THEREFORE, IT IS ORDERED:

1. The court awards $386,184 in front pay in this case.

2. The plaintiff has ten days from the date of this order to file a brief regarding punitive damages in this case; the defendant has ten days thereafter to file its brief regarding punitive damages; and the plaintiff has five days thereafter to file a reply brief on punitive damages.

DATED this 31st day of March, 2008.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge