IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY HIRSH, | ) | |
| | ) | 8:06CV13 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| FERNANDO LECUONA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion to stay proceedings to enforce the judgment, Filing No. 118.

Under the federal rules, a party is entitled to a stay if a supersedeas bond is posted. Fed. R. Civ. P. 62(d). Alternatively, the party may move for the court to exercise its discretion to waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *see also* Fed. R. Civ. P. 62(g)(1). "When determining whether to waive the posting of bond, the district court considers several criteria: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon,* 866 F.2d at 904. Also, the district court has discretion to order a partially secured or unsecured stay if the judgment creditor's interest in ultimate recovery is not unduly endangered. *Federal Prescription Serv., Inc. v. American Pharm. Ass'n.*, 636 F.2d 755, 760-61 (D.C. Cir. 1980).

Under the federal rules, if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.  Fed. R. Civ. P. 62(f).  Under Nebraska law, "[n]o appeal or supersedeas bond shall be required of the state, and the filing of notice signed by the Governor, chief officer of the proper department, Attorney General, or counsel for the state of intention to take such proceedings shall operate as a supersedeas of such judgment until the time that final judgment in the Court of Appeals or Supreme Court is rendered in the cause. . . ."  Neb. Rev. Stat. § 25-21,213.  The judgment in this action, however, is against an individual and not the State of Nebraska, and that statute has no applicability.

The defendant contends that there is no need for a bond to ensure that the judgment debtor will not skip out on his obligation, because "[t]he State of Nebraska will not be going anywhere and is financially capable of paying the obligation, if the appeal is not successful."  Filing No. 118, Motion at 2.  Earlier in this action, defendant took the position that the State of Nebraska would not indemnify him for punitive damages if his conduct were found to constitute malfeasance in office or willful or wanton neglect of duty under Neb. Rev. Stat. § 81-8,239.05(2).  *See* Filing Nos. 96 & 99, Defendant's Briefs.  This court found that defendant's conduct was recklessly indifferent to the plaintiff's rights, but did not amount to malfeasance in office or willful or wanton neglect of duty.  *See* Filing No. 105, Memorandum and Order at 18.  Notwithstanding that finding, the plaintiff's ability to recover the judgment would be hampered by a stay without some assurance that the State of Nebraska intends to pay the judgment should it be affirmed on appeal.

2

The plaintiff states that he would have no objection to a stay if the State of Nebraska files an unequivocal undertaking, without reservation or condition, to pay any judgment which may ultimately be affirmed on appeal, to the same extent as if the defendant, Fernando Lecuona, had provided a supersedeas bond. Accordingly, the court finds the defendant's motion for a stay pending appeal should be denied unless the State of Nebraska files such an unequivocal undertaking as security for payment of the judgment.

IT IS ORDERED that defendant's motion for a stay of enforcement of the judgment is denied unless the defendant, within ten days of the date of this order, files an unequivocal undertaking from the State of Nebraska, without reservation or condition, to pay any judgment which may ultimately be affirmed on appeal, to the same extent as if the defendant, Fernando Lecuona, had provided a supersedeas bond.

DATED this 23rd day of September, 2008.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge