IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY HIRSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV13 |
| | ) | |
| v. | ) | |
| | ) | |
| FERNANDO LECUONA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for an award of attorneys'
fees and expenses, Filing No. 107.  Following a trial in this case, the jury found in favor of
the plaintiff on his claim of retaliation for exercise of first amendment rights and awarded
$391,000.00 in actual damages and $350,000.00 in punitive damages against defendant
Fernando Lecuona.  Filing No. 84.  The court later determined that plaintiff was entitled to
front pay in the amount of $386,184.00 and approved the jury's punitive damages award.
 Another defendant, John Albin, was dismissed at the close of the plaintiff's case in chief.

The plaintiff seeks an award of fees in the amount of $55,467.00 and expenses in
the amount of $5,052.39 for the law firm of Byam and Hoarty and fees in the amount of
$20,632.50 and expenses in the amount of $614.77 for attorney Timothy J. Kielty.[1] Plaintiff
has submitted detailed time sheets and the affidavits of counsel in support of the motion.
Filing Nos. 109 and 110, Indices of Evidence.  Defendant contends the fee award should
be reduced to account for the dismissal of defendant John Albin and objects to the
inclusion of certain fees for two attorneys as unnecessary or duplicative.

---

[1]these amounts reflect 324.15 hours of work performed by the Byam and Hoarty law firm at rates of
135.00 to 185.00 per hour and 117.9 hours of work by Timothy J. Kielty at the rate of $175.00 per hour.

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." *See* 42 U.S.C. § 1988(b) (2007); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). The touchstone of the prevailing party inquiry "is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Sole v. Wyner*, — U.S. —, —, 127 S. Ct. 2188, 2194 (2007) (*quoting* *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989); *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (stating that a "prevailing party" is one who secures a "judicially sanctioned change in the legal relationship of the parties."); *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) (stating that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff").

Nevertheless, compensability is limited by the degree of a plaintiff's success in the case as a whole. *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). The Eighth Circuit has noted "the degree of [a plaintiff's] success is 'the most critical factor' in determining a reasonable fee award." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005). There is "no precise rule or formula" for making fee determinations in cases with only partial success. *Hensley*, 461 U.S. at 436. Where "the court cannot separate out which hours were billed for which issues, [it] 'may simply reduce the award to account for the [plaintiff's] limited success.'" *Warnock*, 397 F.3d at 1026 (quoting *Hensley*, 461 U.S. at 436-37). Where the plaintiff prevails on some, but not all of the claims he asserts, the court may consider the significance of the issues on which the plaintiff prevailed and

2

whether a public purpose was served or relief obtained that applied to others besides the plaintiff.  *See, e.g., Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003) (approving award of fees in a case that involved nominal damages only).

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).   A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).  District courts may rely on their own experience and knowledge of prevailing market rates.  *Hanig*, 415 F.3d at 825.  In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not exhaustively address every factor.[2]  *Emery*, 272 F.3d at 1048.

The court has reviewed the time sheets of counsel and finds the hours and labor expended on the case were reasonable.  In consideration of the *Johnson* factors, the court finds that the attorneys' rates are reasonable and are in line with the prevailing rates in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  The court further finds that the plaintiff obtained a significant result—a judgment of over one million dollars in a complicated First Amendment civil rights case.  Plaintiff vindicated a significant and important Constitutional right through the litigation.  A

---

[2]The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

clear public policy is served by the case.  Plaintiff's attorneys are skilled and experienced and have excellent reputations.  The case involved considerable discovery and trial preparation.  The time spent on the litigation is commensurate to the difficulty of the case. Also, the participation of three attorneys in the litigation and two attorneys at trial was appropriate in consideration of the complexity of the case.  There does not appear to be any duplication of effort by the attorneys.  Moreover, plaintiff does not seek fees for any time spent in pursuit of a companion case in state court.

The plaintiff achieved all the legal and equitable relief he sought in the action from defendant Lecuona.  The action involved the same claim and essentially the same evidence against both defendants.  Because the same evidence would have been adduced against Lecuona in any event, the fact that the plaintiff did not recover from both defendants did not add unnecessary expense to the litigation.  Albin's testimony helped to establish the liability of Lecuona and the claim against Albin was intricately connected to the claim against Lecuona.  In view of the degree of the plaintiff's success, the court finds it is not appropriate to reduce the plaintiff's attorneys' fees award.  The success that plaintiff achieved in this case cannot be characterized as a  "limited" recovery, in spite of the dismissal of defendant Albin.

Plaintiff also seeks $1,900 in expert witness fees as part of his attorneys' fees award.  Although the costs are adequately documented and the testimony of the experts was necessary to the litigation, expert witness fees are not recoverable under § 1988. Expert fees cannot be awarded to a prevailing plaintiff under 42 U.S.C. § 1988 absent explicit Congressional authority for such an award.  *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 102 (1991).  Where Congress desires that expert fees be

compensated, it must specifically provide so. *Id.* at 88-92; *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301-02 (2006). Congressional authorization for recovery of expert witness fees as part of an attorneys' fees award is limited to actions to enforce 42 U.S.C. §§ 1981 or 1981a (employment discrimination) and does not include action under § 1983 for vindication of Constitutional rights. 42 U.S.C. § 1988(c); *see Richlin Sec. Serv. Co. v. Chertoff*, — U.S. —, —, 128 S. Ct. 2007, 2015 & n.6 (June 2, 2008). Accordingly, the court lacks authority to award expert witness fees and those fees will be deducted from the expenses.

IT IS ORDERED:

1.   Plaintiff's motion for attorneys' fees and expenses (Filing No. 107) is granted with respect to attorneys' fees and expenses and denied with respect to expert witness fees.

2.   A judgment for attorneys' fees in accordance with this memorandum opinion will issue this date.

DATED this 26th day of September, 2008.

BY THE COURT:


s/Joseph F. Bataillon
Chief United States District Judge